Magistrate Judge

FILED _____ LODGED
_____ RECEIVED
DEC 02 2013
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> MARK A. MARSH, <br> Defendant. | No. CR13-5585 <br><br> PLEA AGREEMENT |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Margaret V. Kurz, Special Assistant United States Attorney for said District, and the defendant, MARK A. MARSH, and defendant's attorney, Linda Sullivan, enter into the following Plea Agreement, pursuant to Rule 11(c), Federal Rules of Criminal Procedure.

1. The defendant shall enter a plea of guilty to Count I of the misdemeanor Information. The defendant understands that Count I of the Information charges a violation of 18 U.S.C. §§ 7 and 13, and R.C.W. 46.61.502 (Driving Under the Influence). The Government and defendant stipulate for the purposes of sentencing that the defendant's Blood Alcohol Content (BAC) was below 0.15. The parties further agree

PLEA AGREEMENT
United States v. MARK A. MARSH, CR13-5585
pg. 1

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1919 Fax
usarmy.jblm.i-corps.list.sja-sausa@mail.mil

that there are no prior qualifying alcohol-related offenses. The Government will move to dismiss Count II of the Information.

2. <u>Statutory Penalties</u>. The defendant understands and acknowledges that the statutory penalties for Count I of the Information are imprisonment for up to three hundred and sixty-four (364) days, with a minimum period of imprisonment of twenty-four (24) hours, a fine of up to five thousand dollars ($5,000.00), with a minimum fine of three hundred and fifty dollars ($350.00), a mandatory twenty-five dollar ($25.00) special assessment, and one (1) year of supervised release.

If the defendant receives a sentence of probation, the probationary period could be up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to certain restrictions and requirements.

Defendant further understands that if supervised release is imposed and defendant violates one or more of its conditions, defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

3. <u>Rights Waived by Pleading Guilty</u>. The defendant understands that, by pleading guilty, defendant knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty, and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before a jury of defendant's peers;

    c.    The right to the effective assistance of counsel at trial, including, if defendant could not afford an attorney, the right to have the Court appoint one for defendant;

    d.    The right to be presumed innocent until guilt has been established at

PLEA AGREEMENT
United States v. MARK A. MARSH, CR13-5585
pg. 2

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1919 Fax
usarmy.jblm.i-corps.list.sja-sausa@mail.mil

trial, beyond a reasonable doubt;

  e. The right to confront and cross-examine witnesses against defendant at trial;

  f. The right to compel or subpoena witnesses to appear on defendant's behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

4. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines (USSG), together with the other factors set forth in Title 18 U.S.C. § 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, defendant understands and acknowledges that:

  a. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

  b. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

PLEA AGREEMENT
United States v. MARK A. MARSH, CR13-5585
pg. 3

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1919 Fax
usarmy.jblm.i-corps.list.sja-sausa@mail.mil

5. The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6. <u>Guidelines Calculation</u>. The Government believes that the base offense level for driving under the influence under the Guidelines would be 6. The Government believes that if the defendant receives a two level reduction for acceptance of responsibility, the base offense level would be 4. The Government believes that the defendant's criminal history category is I, thus under the Guidelines schedule the defendant's sentencing range would be 0 to 6 months.

7. <u>The Ultimate Sentence</u>. The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose and that the defendant may not withdraw a guilty plea solely because the sentence imposed by the Court may be different from the recommendation of the Government.

8. <u>Sentencing Recommendation</u>. At the time of sentencing, the parties will jointly stipulate that the BAC in this case is below 0.15, and recommend that the defendant be sentenced to the mandatory statutory minimum period of imprisonment of twenty-four (24) hours, the mandatory statutory minimum fine of three hundred and fifty ($350.00) dollars, and the mandatory twenty-five dollar ($25.00) special assessment.

9. <u>Statement of Facts</u>. The parties stipulate to the following facts in support of the plea:

> On August 2, 2013, at Joint Base Lewis-McChord, Washington, within the Western District of Washington and within the special maritime and territorial jurisdiction of the United States, a patrol officer observing traffic on Perimeter Road observed a black Acura exceeding the posted 35 mph speed limit. The officer's speed detection equipment indicated that the vehicle was travelling at a rate of speed of 42 mph. The officer initiated a traffic stop and identified the driver of the Acura as MARK A. MARSH, the defendant. The officer noticed that the defendant's speech was slow and slurred and that his eyes were bloodshot and watery. The officer detected an odor of an intoxicating beverage emitting from the defendant's person. The defendant submitted to a series of field sobriety tests, which showed signs of impairment. The defendant was transported to the police

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1919 Fax
usarmy.jblm.i-corps.list.sja-sausa@mail.mil

station where he provided a breath sample with a BAC greater than 0.08. The defendant was cited and released.

10. <u>Acceptance of Responsibility</u>. The United States acknowledges that defendant has assisted the United States by timely notifying the authorities of defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. <u>Voluntariness of Plea</u>. Defendant acknowledges that he/she has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce the defendant to enter this plea of guilty.

12. <u>Immigration Consequences</u>. Defendant understands that, if a non-citizen of the United States, entering a guilty plea may have consequences regarding immigration status. Certain crimes are deportable offenses, and a plea of guilty to any such crime may subject defendant to automatic deportation and removal from the United States. *See* 8 U.S.C. § 1227(a)(2). Defendant affirms that he/she has been advised of the potential immigration consequences that may result from the entry of the guilty plea(s) contemplated by this Agreement and is prepared to proceed with his/her guilty plea(s) regardless of any immigration consequences that may result from this/these guilty plea(s), even if such consequences include automatic deportation and removal from the United States.

///
///
///
///
///
///
///

PLEA AGREEMENT
United States v. MARK A. MARSH, CR13-5585
pg. 5

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1919 Fax
usarmy.jblm.i-corps.list.sja-sausa@mail.mil

13. <u>Completeness of Agreement</u>. The United States and the defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Plea Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED this 2nd day of December, 2013.

*Mark Marsh*
MARK A. MARSH
Defendant

*Linda Sullivan*
LINDA SULLIVAN
Attorney for Defendant

*Margaret V. Kurz*
MARGARET V. KURZ
Special Assistant United States Attorney

PLEA AGREEMENT
United States v. MARK A. MARSH, CR13-5585
pg. 6

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1919 Fax
usarmy.jblm.i-corps.list.sja-sausa@mail.mil